*Standard Business Practices in the Modeling Industry*

153.    Deny knowledge and information sufficient to form a belief as to those allegations set forth in paragraph numbered 153, and leave all matters of law to the Honorable Court.

154.    Deny knowledge and information sufficient to form a belief as to those allegations set forth in paragraph numbered 154, and leave all matters of law to the Honorable Court.

*Defendant's Theft of Plaintiff's Images*

155.    Deny those allegations set forth in paragraph numbered 155, and leave all matters of law to the Honorable Court.

156.    Deny those allegations set forth in paragraph numbered 156, and leave all matters of law to the Honorable Court.

157.    Deny those allegations set forth in paragraph numbered 157, and leave all matters of law to the Honorable Court.

158.    Deny those allegations set forth in paragraph numbered 158, and leave all matters of law to the Honorable Court.

159.    Deny those allegations set forth in paragraph numbered 159, and leave all matters of law to the Honorable Court.

160.    Upon information and belief deny those allegations set forth in paragraph numbered 160, and leave all matters of law to the Honorable Court.

161.    Deny those allegations set forth in paragraph numbered 161, and leave all matters of law to the Honorable Court.

162.    Upon information and belief deny those allegations set forth in paragraph numbered 162, and leave all matters of law to the Honorable Court.

163.    Upon information and belief deny those allegations set forth in paragraph numbered

163, and leave all matters of law to the Honorable Court.

164.    Upon information and belief deny those allegations set forth in paragraph numbered 164, and leave all matters of law to the Honorable Court.

165.    Deny those allegations set forth in paragraph numbered 165, and leave all matters of law to the Honorable Court.

166.    Deny those allegations set forth in paragraph numbered 166, and leave all matters of law to the Honorable Court.

**FIRST CAUSE OF ACTION**
**(Violation of §43 of the Lanham Act, 15 U.S.C. §1125 *et seq.*:**
**False Endorsement)**

167.    Defendants repeat and reiterate each and every denial heretofore made in this Answer to the paragraphs of the Complaint designated "1" through "166" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the Complaint designated "167".

168.    Deny those allegations set forth in paragraph numbered 168, and leave all matters of law to the Honorable Court.

169.    Deny those allegations set forth in paragraph numbered 169, and leave all matters of law to the Honorable Court.

170.    Deny those allegations set forth in paragraph numbered 170, and leave all matters of law to the Honorable Court.

171.    Deny those allegations set forth in paragraph numbered 171, and leave all matters of law to the Honorable Court.

172.    Deny those allegations set forth in paragraph numbered 172, and leave all matters of law to the Honorable Court.

173.   Deny those allegations set forth in paragraph numbered 173, and leave all matters of law to the Honorable Court.

174.   Deny those allegations set forth in paragraph numbered 174, and leave all matters of law to the Honorable Court.

175.   Deny those allegations set forth in paragraph numbered 175, and leave all matters of law to the Honorable Court.

## SECOND CAUSE OF ACTION
### (Violation of N.Y. Civ. Rights Law §§ 50-51)

176.   Defendants repeat and reiterate each and every denial heretofore made in this Answer to the paragraphs of the Complaint designated "1" through "175" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the Complaint designated "176".

177.   Deny those allegations set forth in paragraph numbered 177, and leave all matters of law to the Honorable Court.

178.   Upon information and belief deny those allegations set forth in paragraph numbered 178, and leave all matters of law to the Honorable Court.

179.   Upon information and belief deny those allegations set forth in paragraph numbered 179, and leave all matters of law to the Honorable Court.

180.   Upon information and belief deny those allegations set forth in paragraph numbered 180, and leave all matters of law to the Honorable Court.

181.   Upon information and belief deny those allegations set forth in paragraph numbered 181, and leave all matters of law to the Honorable Court.

182.   Upon information and belief deny those allegations set forth in paragraph numbered 182, and leave all matters of law to the Honorable Court.

183.   Upon information and belief deny those allegations set forth in paragraph numbered 183, and leave all matters of law to the Honorable Court.

184.   Upon information and belief deny those allegations set forth in paragraph numbered 184, and leave all matters of law to the Honorable Court.

185.   Deny those allegations set forth in paragraph numbered 185, and leave all matters of law to the Honorable Court.

186.   Deny those allegations set forth in paragraph numbered 186, and leave all matters of law to the Honorable Court.

187.   Deny those allegations set forth in paragraph numbered 187, and leave all matters of law to the Honorable Court.

**THIRD CAUSE OF ACTION**
**(Violation of N.Y. General Business Law § 349:**
**N.Y. Deceptive Trade Practices Act)**

188.   Defendants repeat and reiterate each and every denial heretofore made in this Answer to the paragraphs of the Complaint designated "1" through "187" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the Complaint designated "188".

189.   Upon information and belief deny those allegations set forth in paragraph numbered 189, and leave all matters of law to the Honorable Court.

190.   Deny those allegations set forth in paragraph numbered 190, and leave all matters of law to the Honorable Court.

191.   Deny those allegations set forth in paragraph numbered 191, and leave all matters of law to the Honorable Court.

192.   Upon information and belief deny those allegations set forth in paragraph numbered

192, and leave all matters of law to the Honorable Court.

193. Deny those allegations set forth in paragraph numbered 193, and leave all matters of law to the Honorable Court.

194. Deny those allegations set forth in paragraph numbered 194, and leave all matters of law to the Honorable Court.

195. Deny those allegations set forth in paragraph numbered 195, and leave all matters of law to the Honorable Court.

### FOURTH CAUSE OF ACTION
### (Defamation)

196. Defendants repeat and reiterate each and every denial heretofore made in this Answer to the paragraphs of the Complaint designated "1" through "195" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the Complaint designated "196".

197. Upon information and belief deny those allegations set forth in paragraph numbered 197, and leave all matters of law to the Honorable Court.

198. Upon information and belief deny those allegations set forth in paragraph numbered 198, and leave all matters of law to the Honorable Court.

199. Upon information and belief deny those allegations set forth in paragraph numbered 199, and leave all matters of law to the Honorable Court.

200. Deny those allegations set forth in paragraph numbered 200, and leave all matters of law to the Honorable Court.

201. Deny those allegations set forth in paragraph numbered 201, and leave all matters of law to the Honorable Court.

202. Deny those allegations set forth in paragraph numbered 202, and leave all matters of

law to the Honorable Court.

203.    Deny those allegations set forth in paragraph numbered 203, and leave all matters of law to the Honorable Court.

204.    Deny those allegations set forth in paragraph numbered 204, and leave all matters of law to the Honorable Court.

205.    Deny those allegations set forth in paragraph numbered 205, and leave all matters of law to the Honorable Court.

206.    Deny those allegations set forth in paragraph numbered 206, and leave all matters of law to the Honorable Court.

207.    Deny those allegations set forth in paragraph numbered 207, and leave all matters of law to the Honorable Court.

208.    Deny those allegations set forth in paragraph numbered 208, and leave all matters of law to the Honorable Court.

### FIFTH CAUSE OF ACTION
**(Negligence and *Respondeat Superior*)**

209.    Defendants repeat and reiterate each and every denial heretofore made in this Answer to the paragraphs of the Complaint designated "1" through "208" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the Complaint designated "209".

210.    Deny those allegations set forth in paragraph numbered 210, and leave all matters of law to the Honorable Court.

211.    Deny those allegations set forth in paragraph numbered 211, and leave all matters of law to the Honorable Court.

212.    Deny those allegations set forth in paragraph numbered 212, and leave all matters of

law to the Honorable Court.

213.     Deny those allegations set forth in paragraph numbered 213, and leave all matters of law to the Honorable Court.

214.     Deny those allegations set forth in paragraph numbered 214, and leave all matters of law to the Honorable Court.

215.     Deny those allegations set forth in paragraph numbered 215, and leave all matters of law to the Honorable Court.

### SIXTH CAUSE OF ACTION
#### (Conversion)

216.     Defendants repeat and reiterate each and every denial heretofore made in this Answer to the paragraphs of the Complaint designated "1" through "215" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the Complaint designated "216".

217.     Upon information and belief deny those allegations set forth in paragraph numbered 217, and leave all matters of law to the Honorable Court.

218.     Deny those allegations set forth in paragraph numbered 218, and leave all matters of law to the Honorable Court.

219.     Deny those allegations set forth in paragraph numbered 219, and leave all matters of law to the Honorable Court.

### SEVENTH CAUSE OF ACTION
#### (Unjust Enrichment)

220.     Defendants repeat and reiterate each and every denial heretofore made in this Answer to the paragraphs of the Complaint designated "1" through "219" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the

Complaint designated "220".

221.    Upon information and belief deny those allegations set forth in paragraph numbered 221, and leave all matters of law to the Honorable Court.

222.    Deny those allegations set forth in paragraph numbered 222, and leave all matters of law to the Honorable Court.

223.    Deny those allegations set forth in paragraph numbered 223, and leave all matters of law to the Honorable Court.

224.    Deny those allegations set forth in paragraph numbered 224, and leave all matters of law to the Honorable Court.

225.    Deny those allegations set forth in paragraph numbered 225, and leave all matters of law to the Honorable Court.

226.    Deny those allegations set forth in paragraph numbered 226, and leave all matters of law to the Honorable Court.

227.    Deny those allegations set forth in paragraph numbered 227, and leave all matters of law to the Honorable Court.

**EIGHTH CAUSE OF ACTION**
**(Quantum Meruit)**

228.    Defendants repeat and reiterate each and every denial heretofore made in this Answer to the paragraphs of the Complaint designated "1" through "227" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the Complaint designated "228".

229.    Deny knowledge and information sufficient to form a belief as to those allegations set forth in paragraph numbered 229, and leave all matters of law to the Honorable Court.

230.    Deny knowledge and information sufficient to form a belief as to those allegations

set forth in paragraph numbered 230, and leave all matters of law to the Honorable Court.

231. Deny those allegations set forth in paragraph numbered 231, and leave all matters of law to the Honorable Court.

232. Deny those allegations set forth in paragraph numbered 232, and leave all matters of law to the Honorable Court.

## DEMAND FOR JURY TRIAL

233. No response is required for paragraph 233.

## FIRST AFFIRMATIVE DEFENSE

234. Pursuant to CPLR Article 16, the liability of defendants, LACE ENTERTAINMENT, INC, d/b/a LACE GENTLEMAN'S CLUB, GLEN ORECCHIO, STILETTO ENTERTAINMENT, LLC, d/b/a STILETTO'S, and MICHAEL ORECCHIO, to the plaintiff herein for non-economic loss is limited to defendants, LACE ENTERTAINMENT, INC, d/b/a LACE GENTLEMAN'S CLUB, GLEN ORECCHIO, STILETTO ENTERTAINMENT, LLC, d/b/a STILETTO'S, and MICHAEL ORECCHIO's, equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

## SECOND AFFIRMATIVE DEFENSE

235. That by entering into the activity in which the plaintiff(s) was engaged at the time of the occurrence set forth in the complaint, said plaintiff(s) knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiff(s) herein as alleged in the complaint arose from and were caused by reason of such risks voluntarily undertaken by the plaintiff(s) in her activities and such

risks were assumed and accepted by her in performing and engaging in said activities.

### THIRD AFFIRMATIVE DEFENSE

236.    Plaintiff(s) do not have standing.

### FOURTH AFFIRMATIVE DEFENSE

237.    Defendants state that each and every one of Plaintiffs claims fail as a matter of law for the reason that Plaintiffs consented to public use and dissemination of the photographs of Plaintiffs by virtue of their execution of model release forms whereby each model gave the photographer/videographer permission to shoot and license the photos covered by the release.

### FIFTH AFFIRMATIVE DEFENSE

238.    The plaintiff's Complaint should be dismissed since the claims against the defendant(s) is/are frivolous; and costs and attorney's fees should be awarded to defendant(s) pursuant to CPLR §8303-a.

### SIXTH AFFIRMATIVE DEFENSE

239.    The defendant(s) not being fully advised as to all the facts and circumstances surrounding the incident complained of, hereby assert and reserve unto themselves the defenses of accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense which the further investigation of this matter may prove applicable herein.

### SEVENTH AFFIRMATIVE DEFENSE

240.    Plaintiff(s) failed to mitigate their alleged damages or take other reasonable steps to avoid or reduce the alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

241.     Whatever injuries and/or damages sustained by the plaintiff at the time and place alleged in the Complaint, were due to the acts of parties over whom the defendant was not obligated to exercise any control or supervision.

### NINTH AFFIRMATIVE DEFENSE

242.     That the plaintiff(s) could with due diligence have obtained personal jurisdiction over tortfeasors not made parties to this lawsuit and thus the culpability of such missing or absent tortfeasors is to be apportioned into the total culpability allegedly causing the subject occurrence.

### TENTH AFFIRMATIVE DEFENSE

243.     Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

244.     Plaintiffs' claims are barred by waiver and estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

245.     Plaintiffs' claims for equitable relief are barred by laches.

### THIRTEENTH AFFIRMATIVE DEFENSE

246.     Defendants' conduct was privileged.

### FOURTEENTH AFFIRMATIVE DEFENSE

247.     The Complaint fails to state a claim upon which relief can be granted.

### FIFTEENTH AFFIRMATIVE DEFENSE

248.     To the extent any statement may have been made by defendants concerning plaintiffs, truth is a defense to the claims set forth in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

249.    If any statement is alleged to have been made by defendants about plaintiffs, any such statements were made in good faith and in truth without malice, intent or ill will and were reasonable under the circumstances, were made without any intention to injure or damage plaintiffs.

### SEVENTEENTH AFFIRMATIVE DEFENSE

250.    Awarding punitive damages against defendants would violate the United States and New York State Constitutions.

### EIGHTEENTH AFFIRMATIVE DEFENSE

251.    The First Amendment bars Plaintiffs' claims in whole or in part because, among other reasons, Plaintiffs are public figures or limited purpose public figures.

### NINETEENTH AFFIRMATIVE DEFENSE

252.    Plaintiffs' claims are barred in whole or in part by the fair use doctrine.

### TWENTIETH AFFIRMATIVE DEFENSE

253.    Plaintiff's claims fail because no consumer confusion was or could have been caused by defendants' alleged conduct.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

254.    Plaintiffs' claims fail because at all times relevant to this case defendants acted in good faith in that, among other things, defendants never willfully traded on or caused a dilution or plaintiffs' goodwill.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

255.    Plaintiffs' claims are barred by the fact that some or all of Plaintiffs' claimed marks are descriptive, generic, have not otherwise attained or acquired secondary meeting and are not inherently distinctive as an average consumer does not associate the marks with plaintiffs as their source.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

256.    Plaintiffs' claims are barred in whole or in part based upon lack of any likelihood of confusion, or any misunderstanding as to the source, sponsorship or approval between Defendants' services and Plaintiffs' services.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

257.    Plaintiffs' claims are barred in whole or in part as Defendants' alleged infringing activities did not involve passing off their services as those of Plaintiffs.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

258.    Plaintiffs' claims are barred in whole or in part by implied license, waiver and/or acquiescence.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

259.    Plaintiffs' claims are barred in whole or in part based upon abandonment or naked license defense, as a result of Plaintiffs' failure to enforce their alleged rights.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

260.    Plaintiffs' claims are barred in whole or in part by the doctrine of innocent infringement.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

261.    On information and belief, the rights in the photographs in question are owned by the photographers, their assignees, or others, and not by the Plaintiffs, which bars Plaintiffs' claims in whole or in part.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

262.    Plaintiffs are barred from recovery by reason of unclean hands.

### THIRTIETH AFFIRMATIVE DEFENSE

263.    Plaintiffs cannot demonstrate injury, impact or damage as a result of any actions by Defendants

### THIRTY-FIRST AFFIRMATIVE DEFENSE

264.    Defendants had no knowledge that any of their activities constituted infringement, thus their actions were innocent. The advertisements cited in the Complaint were created by outside companies, and Defendants provided no pictures to such companies. In some instances, the advertisements cited in the Complaint were for businesses other than that of Defendants.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

265.    Defendants state that each and every one of Plaintiffs' claims are barred by the existence of a valid license.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

266.    Defendants state that Plaintiffs' claims for defamation fail as a matter of law for the reason that the allegedly defamatory conduct set forth of the complaint are each, and all of them are, in their natural and ordinary meaning, true in substance and in fact.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

267.    Plaintiffs have not and cannot establish they were aggrieved by the alleged deceptive practice and suffered damages. To the extent Plaintiffs would be entitled to any relief, Plaintiffs would be limited to the relief of injunction against use of his or her image by the Defendants.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

268.   Plaintiffs have not and cannot establish that Defendants engaged in deceptive acts or practices, that any alleged deception is "probable," not just "possible", and that Defendants practice would likely have deceived a reasonable person under the same circumstances.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

269.   There has been no commercial harm or damages. To the extent Plaintiffs would be entitled to any relief, Plaintiffs would be limited to the relief of injunction against use of his or her image by the Defendants.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

270.   Defendants did not use photographs of Plaintiffs for commercial advantage.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

271.   Defendants did not use the names of the Plaintiffs as symbols for Plaintiffs' identity or persona, as required for violation of Plaintiffs right to publicity. Further, any use photographs of Plaintiffs did not involve character, personality, or reputation of the Plaintiffs, or other factors shaping identity.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

272.   Defendants did not abuse the privileges of doing business in the corporate form to perpetrate a wrong or injustice against plaintiff(s).

### FORTIETH AFFIRMATIVE DEFENSE

273.   Plaintiffs' claims are barred as they had previously given permission to entities to use their image to promote products.

### FORTY-FIRST AFFIRMATIVE DEFENSE

274.   Plaintiffs' claims are barred as the images were not used to directly promote a product or service.

### FORTY-SECOND AFFIRMATIVE DEFENSE

275.    Plaintiffs' reputations were not diminished by any alleged publications

### FORTY-THIRD AFFIRMATIVE DEFENSE

276.    Plaintiffs possess no tangible property right to their images, and therefore plaintiffs cannot state a cause of action for conversion.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

277.    Plaintiffs failed to plead alleged deceptive acts with sufficient particularity under Fed. Civ. P. 9(b).

### FORTY-FIFTH AFFIRMATIVE DEFENSE

278.    Plaintiffs are not entitled to statutory, punitive, or exemplary damages, or to attorney's fees, under any cause of action alleged in the complaint, because defendants did not act with malice, willfulness, bad faith, or wanton disregard of plaintiffs' rights.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

279.    Defendants innocently relied on third parties to select, and to secure appropriate permissions or licenses for the images used in the alleged web postings and documents.

**WHEREFORE**, Defendants respectfully request this Court to grant judgment in their favor, order all claims of the Complaint dismissed with prejudice, award Defendants all costs, expenses, disbursements and fees incurred herein, including reasonable attorneys' fees, and such other, further and different relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all issues triable to a jury in the above-captioned matter**.**

Dated: New York, New York
         April 5, 2016

Yours, etc.

FAUST GOETZ SCHENKER & BLEE
By: Lisa R. Kramer (LK4989)
Attorneys for Defendants
LACE ENTERTAINMENT, INC, d/b/a LACE
GENTLEMAN'S CLUB, GLEN ORECCHIO,
STILETTO ENTERTAINMENT, LLC, d/b/a
STILETTO'S, and MICHAEL ORECCHIO
Two Rector Street, 20th Floor
New York, New York 10006
(212) 363-6900
Our File No.: 13923-KIN

ROSENBAUM & TAYLOR, P.C.
By:  Scott P. Taylor, Esq.  (ST7761)
Attorneys for Defendants
LACE ENTERTAINMENT, INC, d/b/a LACE
GENTLEMAN'S CLUB, GLEN ORECCHIO,
STILETTO ENTERTAINMENT, LLC, d/b/a
STILETTO'S, and MICHAEL ORECCHIO
7-11 South Broadway
Suite 401
White Plains, New York 10601
(914) 358-4422