## SETTLEMENT AGREEMENT AND RELEASE

**This Settlement Agreement and Release ("Agreement")** is entered into by and between Dessie Mitcheson, Jessica Hinton, Erika Schwegler, and Ursula Mayes, (collectively, "Plaintiffs"), and each of them, on the one hand, and GJJM Enterprises, LLC ("GJJM" or "Defendant") on the other hand. Plaintiffs and Defendant may be from time to time referred to herein collectively as the "Parties" or, individually, as the "Party."

## RECITALS

WHEREAS, Plaintiffs have filed a lawsuit against Defendant in the United States District Court for the Southern District of New York (the "Action"), asserting various claims against Defendant relating to Defendant's alleged use of Plaintiffs' image(s) to promote, advertise, and market Defendant's establishment via the internet and social media, and that said alleged use was unauthorized; and,

WHEREAS, in consideration of the promises and consideration set forth herein, and for other good and valid consideration, without admitting any fact, claim, cause of action or liability, the Parties wish to compromise, settle and fully release each other from all claims and causes of action set forth in the Action and that could have been brought in the Action, as set forth below;

NOW, THEREFORE, the Parties covenant and agree as follows:

1. *Recitals, Admissions, Release.*

1.1 *Recitals.* The foregoing recitals are true and correct.

1.2 *No Admission.* This Agreement shall not act as or constitute an admission by any Party that any Party, or any Party's past or present officers, directors, shareholders, members, agents, employees, independent contractors, agents, accountants or attorneys, committed any wrongful act, or violated or breached the terms of any agreement or duty owed whether statutory or otherwise.

1.3 *Binding and Enforceable Agreement.* Each Party waives and relinquishes any and all rights, under principles of law and equity, to rescind, vacate, or otherwise challenge this Agreement (including its making or enforceability), including but not limited to duress, coercion, unilateral mistake, mutual mistake, fraud in the inducement, or breach of any obligations or duties which any Party owed, or may have owed, any other Party from the beginning of the world to the date of this Agreement, arising under statutory or common law, or rule of procedure, including but not limited to disclosure or discovery obligations in any litigation between or among the Parties.

1.4 *Release.* The Parties, for and on behalf of themselves, their representatives, agents, heirs, successors, predecessors, members, affiliates, officers, attorneys, and assigns, hereby release and forever discharge any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents,

executions, claims, and demands whatsoever, in law, admiralty or equity, which the Parties ever had, now have or hereafter can, shall or may have against each other from the beginning of the world to the date of this release that relate to or arise out of: (a) any of the claims, defenses and/or allegations set forth in the Action and/or Third-Party Action; and/or (b) any claims that could have been asserted in the Action or Third-Party Action.  The Parties are not releasing any claims that may arise under the obligations of this Agreement.

     2.  *Payment to Plaintiffs.*  Defendant shall make payment to Plaintiffs as set forth in a separate confidential side agreement (the "Side Agreement"), to be executed by Plaintiffs and Defendants along with this Agreement, and which is hereby incorporated by reference into this Agreement. Defendants acknowledge that their promise to make payment to Plaintiffs under the terms of the Side Agreement constitutes a material inducement for Plaintiffs to enter into this Agreement, and their failure to make payment pursuant to the Side Agreement constitutes a breach of this Agreement.

     3.  *Authority*.  Each person signing this Agreement on behalf of a Party represents and warrants that he or she has full power and authority to enter into this Agreement and to fully, completely, and finally settle the Action, including but not limited to any and all claims which were or could have been asserted in the Action.

     4.  *Stipulations of Withdrawal and Discontinuance.*  Within ten (10) days of the execution of this Agreement, Plaintiffs' counsel will cause to be filed with the United States District Court for the Southern District of New York the Stipulation of Withdrawal and Discontinuance with Prejudice of the Action which is annexed as Exhibit A to this Agreement, dismissing all claims against Defendants, and each of them, and requesting that the District Court maintain jurisdiction over the enforceability of this Agreement.

     5.  *Confidentiality*.  The Parties agree that the terms of the Side Agreement, and all negotiations relating to this Agreement and the Side Agreement, shall remain confidential, and that the Parties shall not disclose or discuss the terms of this Agreement or the Side Agreement, or any payment made under this Agreement or the Side Agreement, to or with any other person (excepting the Parties agents, including, without limitation, attorneys, accountants, and/or managers, who shall be apprised of the confidential nature of this Agreement and all terms relating thereto) or entity unless compelled to do so by judicial or administrative process or if necessary to enforce the terms of this Agreement.  In the event that a Party becomes legally compelled to disclose this Agreement or any information relating thereto, that Party will provide to all other Parties prompt notice, if legally practicable, such that they may seek a protective order or other appropriate remedy, at their sole cost and expense, and/or waive compliance with the provisions of this Agreement.  In the event that such protective order or other remedy is not obtained, the Party compelled to disclose may furnish only such information as it is required to disclose.  Notwithstanding the foregoing, the Parties may disclose this Agreement and information relating thereto without notifying the other Parties to legal and/or tax advisors, representatives, insurers, or to the extent required by auditors or federal, state or other governmental regulators.

     6.  *No Admission of Liability*.  No Party, by negotiating or entering into this Agreement, admits any fact, violation or breach of any statute, contract, legal duty or any other manner of duty or obligation, nor shall this Agreement be construed as constituting or containing any such

admission.

7. ***Further Assurances***.  The Parties shall execute and deliver to each other such other instruments as may be reasonably required in connection with the performance of this Agreement and each shall take all such further actions as may be reasonably required to carry out the terms of this Agreement.

8. ***Representation by Counsel***. The Parties represent and acknowledge that they fully understand their right to discuss any and all aspects of this Agreement with legal counsel of their own choosing; and to the extent, if any, that they desire, they have availed themselves of this right; that they have carefully read and fully understand all the provisions of this Agreement; that they voluntarily enter into this Agreement; and that they have the capacity to enter into this Agreement.

9. ***No Prior Representation.*** The Parties represent and acknowledge that by executing this Agreement they do not rely and have not relied upon any representation or statement not set forth herein with regard to the subject matter, basis, or effect of this Agreement or otherwise.

10. ***Choice of Law.***  The construction and enforcement of this Agreement shall be governed exclusively by the laws of the State of New York, without regard to its choice of law rules. In any action between or among the Parties hereto arising out of or relating to this Agreement or any of the transactions contemplated by this Agreement each Party irrevocably and unconditionally consents and submits to the exclusive jurisdiction and venue of the United States District Court for the Southern District of New York.

11. ***Headings***.  Headings contained in this Agreement are for reference purposes only and shall not affect the meaning or interpretation of this Agreement.

12. ***Counterparts***.  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Facsimile and PDF signatures are acceptable to all Parties and deemed admissible as evidence notwithstanding any authentication requirements of the applicable rules of evidence. While this Agreement may be executed on various dates and in different locations, the effective date of this Agreement is September 26, 2017, and this Agreement will be treated as having been made and executed in New York County, New York.

13. ***Entire Agreement***. This Agreement represents the entire agreement of the Parties with respect to the subject matter hereof, and all prior negotiations, understandings and agreements are incorporated herein. This Agreement may not be modified, changed, amended, supplemented or rescinded except pursuant to a written instrument signed by all parties.

14. ***Severability***. The provisions of this Agreement are severable, and if any provision of this Agreement is found to be invalid or unenforceable, then such provision shall be deemed to be deleted only to the extent that it is found to be invalid or unenforceable. Such an invalid or unenforceable provision shall not affect the validity of the remainder of this Agreement, and the remaining provisions shall continue in full force and effect. This Agreement shall survive the termination of any arrangements contained herein.

15. ***Benefit of Successors***. This Agreement shall inure to the benefit of the Parties hereto and their respective successors, partners, assigns, divisions, affiliates and subsidiaries.

16. ***Authorization***. The Parties hereby represent and warrant that each person who executes this Agreement on behalf of a Party hereto has the full and complete authority to do so and that such Party shall be bound thereby.

**[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK; SIGNATURE PAGE FOLLOWS THIS PAGE]**

**DESSIE MITCHESON**

*Dessie Mitcheson*
_____

**JESSICA HINTON**


_____

**ERIKA SCHWEGLER**


_____

**URSULA MAYES**


_____


**GJJM ENTERPRISES, INC.**

By:_____
   Its _____

5

| | |
|---|---|
| **DESSIE MITCHESON** | **ERIKA SCHWEGLER** |
| _____ | _/s/ Erika Schwegler_____ |
| **JESSICA HINTON** | **URSULA MAYES** |
| _____ | _____ |

**GJJM ENTERPRISES, INC.**

By: _____
   Its _____

5

**DESSIE MITCHESON**

_____

**JESSICA HINTON**

_____

**ERIKA SCHWEGLER**

_____

**URSULA MAYES**

DocuSigned by:
/s/ Ursula Mayes
410DDF6E687B45D

**GJJM ENTERPRISES, INC.**

By:_____
   Its _____

**DESSIE MITCHESON**

_____

**JESSICA HINTON**

_____/s/_____

**ERIKA SCHWEGLER**

_____

**URSULA MAYES**

_____

**GJJM ENTERPRISES, INC.**

By:_____
   Its _____

5

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK; SIGNATURE PAGE FOLLOWS THIS PAGE]

**DESSIE MITCHESON**                         **ERIKA SCHWEGLER**

_____                      _____


**JESSICA HINTON**                           **URSULA MAYES**

_____                      _____


                                             GJJM ENTERPRISES, INC.

                                             By: _____
                                             Its _____

2